IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:15CR232 |
| | ) | |
| EDGAR HERNANDEZ, | ) | Honorable Gerald Bruce Lee |
| Defendant. | ) | |
| | ) | |

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM AND RESPONSE TO DEFENDANT'S OBJECTIONSTO THE PRE-SENTENCE REPORT**

COMES NOW the United States of America, by and through its attorneys, Dana J. Boente, United States Attorney for the Eastern District of Virginia, and Jennifer A. Clarke, Special Assistant United States Attorney, and hereby files its response to defendant Edgar Hernandez's objections to the pre-sentence report. The government agrees with the probation office's Sentencing Guidelines calculation.

The defendant notes two objections to the probation office's calculation of offense level. First, the defendant argues that he did not involve a minor in the offense, pursuant to U.S.S.G. §2D1.1(b)(15)(B)(i). Second, the defendant disputes his classification as a career offender, pursuant to U.S.S.G. §4B1.1. The government agrees with the probation office's calculation of the offense level and submits that the defendant is properly classified as a career offender, and furthermore, should receive a two-level increase in offense level for his use of a minor in the offense.

I. The defendant's use of a minor in the offense.

The defendant challenges the probation officer's application of a two-level offense level increase for involving a minor in the offense. Pursuant to U.S.S.G. §2D1.1(b)(15)(B)(i), a

two-level increase is appropriate if a defendant receives an adjustment under §3B1.1 (Aggravating Role) and "knowing that an individual was (i) less than 18 years of age…distributed a controlled substance to that individual or *involved that individual in the offense*." The defendant disagrees that he involved a minor in the offense.

In January and February 2015, the defendant made two trips from his home in Maryland to Denver, Colorado, to obtain re-supplies of cocaine from his cousin and co-defendant, Marco Valdez Hernandez. The defendant went with his wife and co-defendant, Jessica Hernandez on the first trip. During that trip, the defendant and Jessica Hernandez were stopped by law enforcement on their return to Maryland. Although law enforcement at that time did not discover that the defendant was transporting cocaine from Denver to Maryland, wiretap evidence showed that the defendant was unnerved by the interaction with law enforcement. On the second trip, the defendant invited a woman and her infant child along on the trip. The defendant had no relationship with the child. During that trip, the defendant obtained a supply of cocaine in Colorado and drove back to Maryland, accompanied by the woman and her child. The defendant does not dispute that the motive for bringing the child was to avoid suspicion and ultimately detection by law enforcement, but disagrees that this conduct merits an adjustment pursuant to §2D1.1(b)(15)(B)(i).

The defendant claims that this Guidelines provision should only apply when the offense involves distribution to a minor or where a minor is enlisted as an active participant in the drug conspiracy. However, an adjustment pursuant to §2D1.1(b)(15)(B)(i) is appropriate when a defendant "distributed a controlled substance to that individual *or* involved that individual in the

2

offense," thereby explicitly suggesting that the provision applies to situations other than where a minor is directly and voluntarily participating in the drug conspiracy.

The defendant further argues that a contrary finding would render the definition of "involvement" dangerously broad. He warns that a more comprehensive definition of "involve" could potentially affect the theoretical individual who merely engages in drug distribution at a location where a minor is present as a resident or visitor. On the contrary, the provision plainly requires that a minor needs to be involved in the offense, rather than just merely present. In any case, Mr. Hernandez used an infant child in furtherance of the conspiracy for an explicit, calculated purpose – to appear unsuspicious and to avoid law enforcement detection while he obtained drugs. The defendant had no relationship with the child, and the child would not have been in the vehicle for any other innocent reason. The defendant necessarily involved the child in the offense by bringing the child on a cross-country drug run for no other purpose than the deflect attention.

Alternatively, the defendant's conduct merits a two-level increase in offense level pursuant to U.S.S.G. §3B1.4[1], which allows for such an increase if a defendant used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense. The defendant's use of the infant child in this case falls squarely within the language of this Guidelines provision.

II.     Career Offender Determination.

The probation office determined that the defendant is a career offender pursuant to U.S.S.G. §4B1.1 due to his criminal history, which includes a 1999 Maryland conviction for robbery with a dangerous and deadly weapon and a 2003 Maryland conviction for possession with

---

1 Adjustments pursuant to U.S.S.G. §2D1.1(b)(15)(B)(i) and §3B1.4 cannot both be applied.

intent to distribute cocaine. The defendant argues that his conviction for robbery with a dangerous weapon does not qualify as a crime of violence pursuant to U.S.S.G. §4B1.2. The government disagrees and urges this court to find that the defendant's prior robbery conviction qualifies as a crime of violence.

Pursuant to U.S.S.G. § 4B1.2(a)(1), a defendant may be classified as a career offender based on a prior offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another."  The defendant was previously convicted of an offense violating Maryland Code § 3-403, which proscribes robbery committed "(1) with a dangerous weapon; or (2) by displaying a written instrument claiming that the person has possession of a dangerous weapon."  Pursuant to Maryland Code § 3-401(e), robbery retains its judicially determined meaning. In Maryland, the common law definition of robbery is "the felonious taking and carrying away of the personal property of another from his person by the use of violence or by putting in fear." *Metheny v. State,* 359 Md. 576, 605, 755 A.2d 1088 (2000) (quoting *Williams v. State,* 302 Md. 787, 792, 490 A.2d 1277 (1985)). Furthermore, "robbery with a dangerous or deadly weapon is the offense of common law robbery, aggravated by the use of a dangerous or deadly weapon." *Fetrow v. State*, 156 Md. App. 675, 687, 847 A.2d 1249, 1256 (2004), citing *Couplin v. State,* 37 Md.App. 567, 582, 378 A.2d 197 (1977), *cert. denied,* 281 Md. 735 (1977). The Fourth Circuit has held that because "intimidation is the threat of the use of force," common-law robbery "has as an element the use or threatened use of force." *United States v. Presley*, 52 F.3d 64, 69 (4th Cir. 1995), *see also United States v. Wilson*, 951 F.2d 586, 588 (4th Cir. 1991) ("[T]he Maryland robbery offense has as an element the use or threatened use of force. The Maryland courts have interpreted state law to adopt the common law definition of robbery.")

4

Other courts agree that robbery statutes requiring intimidation or fear of injury qualify as crimes of violence. *See, e.g., United States v. Mitchell*, 743 F.3d 1054, 1059 (6th Cir. 2014) (construing "fear" under Tennessee robbery law as covering "fear of bodily injury and of present personal peril from violence offered or impending" and concluding that such a standard satisfies the "physical force" requirement of the Armed Career Criminal Act); *United States v. Shuck*, 481 F. App'x 600, 603 (11th Cir. 2012) ("Bank robbery by intimidation, in violation of § 2113(a), qualifies as a crime of violence" under U.S.S.G. § 4B1.2(a)(1) because it has as an element the threatened use of force); *Wright*, 215 F.3d at 1028 (citing § 924(c)(3)(A) and concluding that "[a]rmed bank robbery qualifies as a crime of violence because one of the elements of the offense is a taking 'by force and violence, or by intimidation'"); *United States v. Farmer*, 73 F.3d 836, 842 (8th Cir. 1996) ("[W]e think it clear that Hobbs Act robbery . . . has as an element the use, attempted use, or threatened use of physical force against the person of another" under 18 U.S.C. § 3559); *United States v. Lewis*, 405 F.3d 511, 514-15 (7th Cir. 2005) (interpreting Indiana law and concluding "[r]obbery entails taking property from the person of another by force or threat and so is a crime of violence under" the force clause of U.S.S.G. § 4B1.2(a)(1)); *United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993) ("Robbery indisputably qualifies as a crime of violence. *See* 18 U.S.C. § 1951(b)(1) (containing element of 'actual or threatened force, or violence')."); *United States v. Jones*, 932 F.2d 624, 625 (7th Cir. 1991) ("A defendant properly convicted of bank robbery is guilty per se of a crime of violence, because violence in the broad sense that includes a merely threatened use of force is an element of every bank robbery.").

A conviction for robbery with a dangerous weapon in Maryland requires a larceny accompanied by use of violence or the threat thereof. Therefore it qualifies as an offense, pursuant

to § 4B1.2(a)(1), that "has as an element the use, attempted use, or threatened use of physical force against the person of another."

The defendant argues that robbery with a dangerous weapon in Maryland is not a crime of violence. He submits that there are scenarios where an individual could be convicted of a violation of § 3-403 without the use or threatened use of physical force. Specifically, he maintains that an individual could be convicted of robbery with a dangerous weapon by the use of a note placing a victim in fear of merely *de minimus* force, or by threat that the bearer of the note might injure himself.   On the contrary, an individual could not be convicted pursuant to Maryland Code §3-403 in either scenario. Under §3-403, the perpetrator must effectuate the robbery by either violence or placing the victim in fear of violence through the actual use of a dangerous weapon, or the use of a written instrument claiming that the perpetrator has possession of a dangerous weapon. Therefore, the perpetrator must at least place the victim in fear of violence, which the perpetrator could not achieve by use of *de minimus* force or threat of self-harm, as the defendant suggests.

In addition, courts may classify a defendant as a career offender based on an offense listed in the commentary to Section 4B1.2.   See Guidelines § 4B1.2(a)(2) ("'crime of violence' means any offense * * * that * * * "is burglary of a dwelling, arson, * * * extortion, [or] involves use of explosives"); *id*., comment. n.1 ("'Crime of violence' includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling."); *id*. ("Unlawfully possessing a firearm described in 26 U.S.C. § 5845(a) (e.g., a sawed-off shotgun or sawed-off rifle, silencer, bomb, or machine gun) is a 'crime of violence.'").

Under *Stinson v. United States*, 508 U.S. 36 (1993), guidelines commentary "that interprets

or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Id*. at 38. *Stinson* held that the provision of the commentary to the career offender guideline that excludes felon-in-possession offenses from the definition of "crime of violence," while not "compelled by the guideline text," was "a binding interpretation of the phrase 'crime of violence.'" *Id*. at 47. Likewise, the Sentencing Commission's interpretation of "crime of violence" to include the offenses listed in the commentary "does not run afoul of the Constitution or a federal statute" and "is not plainly erroneous or inconsistent with § 4B1.2." *Id.* (internal quotation marks omitted).

## CONCLUSION

For all the foregoing reasons, the United States respectfully requests that the Court find that the probation office's offense level calculation is correct.

                                      Dana J. Boente
                                      United States Attorney

By:         /s/_____
            Jennifer A. Clarke (LT)
            Special Assistant United States Attorney
            United States Attorney's Office
            2100 Jamieson Avenue
            Alexandria, Virginia 22314
            Phone: (703) 299-3700
            Fax: (703) 837-8242
            Email: jennifer.clarke@usdoj.gov

## CERTIFICATE OF SERVICE

       I hereby certify that on the 3rd day of December 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

                                            _____/s/_____
                                            Jennifer A. Clarke (LT)
                                            Special Assistant United States Attorney